# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**DOCKET NO. 3:08-CV-36-FDW**

| | |
|---|---|
| KENNETH S. POWELL, II, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>BEATTIES FORD MEMORIAL )<br>GARDENS, INC. and DAVID LOVE, )<br>C.P.A, )<br>)<br>Defendants. )<br>) | **ORDER** |

THIS MATTER is before the Court on its own motion to stay the imposition of judgment. Plaintiff filed this civil complaint on 31 January 2008. After nearly a year had passed without any indication that Defendants had been served with process, on 31 December 2008 this Court entered an Order requiring Plaintiff to show cause why the case should not be dismissed for failure to prosecute and giving Plaintiff fourteen days to respond. (Doc. No. 4.) After receiving no response within the specified period of time, on 15 January 2009 this Court entered an Order dismissing this suit for failure to prosecute. (Doc. No. 5.) Later that same day, the Court received from Plaintiff a late response to the show cause order. (Doc. No. 6.) In that pleading, Plaintiff states that he has not yet identified a process server but that he is attempting to do so and also that he intends to retain local counsel if allowed to proceed with the litigation.

In light of the foregoing, the Court will STAY the imposition of judgment for an additional fourteen (14) days—or until 4 February 2009—to allow Plaintiff some additional time to accomplish service and retain counsel, if he so chooses. Plaintiff is cautioned that the Court's prior Order

dismissing the case will go into effect at 12:00 a.m. on 5 February 2009 if proof of service has not been filed or stamped "received" by the Clerk's office by that time.

Furthermore, the Court notes that the proper grounds for dismissing a suit for failure to make timely service of process is Fed. R. Civ. P. 4(m)—not Rule 41(b), as cited in the Court's prior Order—and so such a dismissal would be *without prejudice*, meaning that if Plaintiff cannot make service of process by the deadline set forth herein, he would not be procedurally barred from filing a new lawsuit at some later date (though he may be barred by a statute of limitation, for example).

The Clerk of Court is directed to mail a certified copy of this Order to Plaintiff's address of record.

IT IS SO ORDERED.

Signed: January 21, 2009

Frank D. Whitney
United States District Judge